IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARGARET FINNEY, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | :    5 : 05-CV-104 (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on March 23, 2005, challenging the Commissioner's final decision denying her application for disability benefits.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her applications for disability and Supplemental Security Income benefits in April 2002, alleging disability since April 17, 2002, due to bilateral arthritis of the knees, obesity, a toenail disorder, depression, migraines, hypercholesterolemia, and insomnia. Her applications were denied throughout the administrative levels, with the ALJ determining that the plaintiff retained the residual functional capacity to perform light work, but could not return to her past relevant work as a restaurant worker.  Relying on the testimony of a vocational

expert, the ALJ determined that there were significant numbers of jobs in the economy which the plaintiff remained capable of performing.  The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that new evidence supports a Sentence Six remand herein, that the ALJ failed to properly consider her subjective testimony of disabling symptoms, failed to properly consider the opinion of her treating physician, and failed to properly consider the effects of her obesity.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*New evidence*

Initially, the plaintiff argues that new evidence supports a remand of this matter pursuant to Sentence Six. Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted. Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985). In order to obtain a remand under Sentence Six, the plaintiff must establish that: 1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).

The new evidence at issue consists of a report from Dr. Derrick Phillips, dated September 20, 2004. Dr. Phillips treated the plaintiff at the Medical Center of Central Georgia Ambulatory Care Clinic, and concluded that treatment of her knee had failed, necessitating a total knee replacement. Dr. Phillips states that "Ms. Finney is a patient well known to me. This patient has progressive severe arthritis of her knees. . . . There is very severe pain and very stiff knees bilaterally, especially on the left side. We have tried injections for her and medications and all these steps have failed to help her. The patient unfortunately needs surgery right now which would involve a total knee replacement . . . She in my opinion is disabled from work of any kind at this point and will not get better unless surgery is performed." R. at 481.

The ALJ rendered his decision herein on June 22, 2004. He found that "[t]he claimant's medical records fail to establish the significant effect her pain should have on her functional abilities. . . . A longitudinal review of the claimant's medical records shows that none of her

treating physicians have recommended total replacement of her right knee." R. at 24. Dr. Phillips' subsequent report and continued treatment of the plaintiff directly contradicts these findings, in addition to providing evidence that the plaintiff's knee(s) x-rays showed "bone on bone" contact, rather than only "mild joint space narrowing" as noted by the ALJ. The court finds that the new evidence submitted to the Appeals Council is material, new evidence, in that there is a reasonable likelihood that it could change the administrative outcome, and that good cause exists for plaintiff's failure to present the evidence at the administrative level, inasmuch as the report was not available at the time of the ALJ's decision. Caulder, 791 F.2d at 875 (Good cause existed for claimant's failure to proffer new evidence at administrative level, where new evidence consisted of results of medical examinations which occurred after the Appeals Council denied review.)

Inasmuch as new evidence exists which supports the remand of this matter pursuant to Sentence Six, the Commissioner's decision is hereby **REVERSED** pursuant to Sentence Six of § 405(g), for consideration of the new evidence and further consideration of plaintiff's claims. **SO ORDERED**, this 21st day of March, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb